UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 23-00272-PA (DFM) | Date: | April 26, 2023 |
|---|---|---|---|
| Title | Carl Davis v. Warden | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Petitioner(s): | | Attorney(s) for Respondent(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On February 13, 2023, Petitioner Carl Davis, a federal prisoner confined at FCI Lompoc, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Petitioner challenges his April 1, 2022 disciplinary conviction for possession of a cell phone. See id. at 2. Petitioner argues that he was denied due process and that R. Rodriguez gave a false statement. See id. at 3.

Petitioner is ORDERED TO SHOW CAUSE why the Petition should not be dismissed because it is unexhausted and not cognizable in habeas corpus.

I. EXHAUSTION

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) ("As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241.").

Courts have discretion to waive the exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 997, 1000 (9th Cir. 2004). However, "this discretion is not unfettered." Id. at 998. A "key

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

consideration" in exercising such discretion is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme." Id. at 1000.

Here, Petitioner states that he "was not afforded the opportunity to use the FBOP's Administrative Remedies process to appeal the decision given down by the DHO officer because the evidence did not have a[n] 'indicia of reliability" to support the findings in the disciplinary decision." Petition at 3. Whether "some evidence" supported the decision of the hearing officer, as required by Superintendent v. Hill, 472 U.S. 445, 455 (1985), has no bearing on whether Petitioner exhausted his administrative remedies before initiating the instant action or was excused from doing so.

## II. COGNIZABILITY

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004). Typically, federal prisoners may use § 2241 to challenge disciplinary proceedings that result in a loss of good conduct time or result in a quantum change in custody. See Crosby v. Shinn, 695 F. App'x 275, 275 (9th Cir. 2017). Otherwise, the proper vehicle for disciplinary claims is a civil rights complaint.

The Petition does allege what consequences Petitioner suffered as a result of his disciplinary conviction, if any. Accordingly, the Court is unable to determine whether Petitioner's claim may be brought in habeas.

## III. CONCLUSION

Petitioner is therefore ORDERED TO SHOW CAUSE in writing, **no later than twenty-one (21) days from the date of this Order**, why the Petition should not be dismissed (1) for failure to exhaust administrative remedies and/or (2) because it is not cognizable in habeas corpus. In lieu of a written response, Petitioner may file an amended petition that cures the deficiencies outlined in this Order. Failure to respond to this Order may result in a recommendation of dismissal for failure to prosecute.